UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUSTY BROWN, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. ________________ |
| | § | |
| L-3 COMMUNICATIONS CORP., ET AL,. | § | |
| | § | |
| Defendants. | § | |

---

**PLAINTIFFS' ORIGINAL COMPLAINT**

---

TO THE HONORABLE JUDGE OF THIS U.S. DISTRICT COURT:

NOW COME RUSTY BROWN, BENNY GARCIA, RUDY SMITH, ADAM MESSNER, MATTHEW KELSO, JORDAN VAUGHN, JACOB TAYLOR, ERIC BREWER, KYLE OSTWINKLE, BRANDON OSTWINKLE, DEREK BRISTER, PETER KOTSOKALIS and CHRISTOPHER DOROSH (at times collectively referred to as "Plaintiffs") and file this Original Petition complaining of Defendants L-3 COMMUNICATIONS CORPORATION D/B/A L-3 LINK SIMULATION & TRAINING and/or L-3 LINK SIMULATION & TRAINING AIR TRAFFIC CONTROL ACADEMY and L-3 COMMUNICATIONS HOLDINGS, INC. (at times collectively referred to as "Defendants") and for cause of action would state the following:

**I.**

**PRELIMINARY STATEMENT**

1. This is a fraud, DTPA, negligence, negligent misrepresentation and promissory estoppel action brought by Plaintiffs under Texas statutory and common law to recover those

damages, interest, court costs and other relief provided by law for Plaintiffs' injuries and damages arising from Defendants' actions on or about the relevant dates herein.

## II.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the dispute is between citizens of the State of Texas on the one hand and citizens of a foreign state on the other hand.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) and/or (a)(3) because a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred in this judicial district.

## III.

## PARTIES

4. Plaintiff Rusty Brown is an individual who resides in Little Elm, Denton County, Texas.

5. Plaintiff Benny Garcia is an individual who resides in San Antonio, Bexar County, Texas.

6. Plaintiff Rudy Smith is an individual who resides in Killeen, Bell County, Texas.

7. Plaintiff Adam Messner is an individual who resides in Conway, Arkansas.

8. Plaintiff Matthew Kelso is an individual who resides in Durant, Oklahoma.

9. Plaintiff Jordan Vaughn is an individual who resides in Dallas, Dallas County, Texas.

10. Plaintiff Jacob Taylor is an individual who resides in Van Alstyne, Grayson County, Texas.

11. Plaintiff Eric Brewer is an individual who resides in Omaha, Nebraska.

12. Plaintiff Kyle Ostwinkle is an individual who resides in Keller, Tarrant County, Texas.

13. Plaintiff Brandon Ostwinkle is an individual who resides in Keller, Tarrant County, Texas.

14. Plaintiff Derrick Brister is an individual who resides in Boyd, Wise County, Texas.

15. Plaintiff Peter Kotsokalis is an individual who resides in Texas.

16. Plaintiff Christopher Dorosh is an individual who resides in The Woodlands, Montgomery County, Texas.

17. Defendant L-3 Communications Corporation d/b/a L-3 Link Simulation & Training and/or L-3 Link Simulation & Training Air Traffic Control Academy ("L-3") is a Delaware Corporation with its principal office in New York, NY and its principal place of business in Arlington, Texas and may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

18. Defendant L-3 Communications Holdings, Inc. is a Delaware corporation with its principal office in New York, NY and may be served with process by serving its registered agent, The Corporation Trust Company, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234 or 1209 Orange Street, Wilmington, Delaware 19801.

**IV.**

**STATEMENT OF FACTS**

19. Defendant L-3 Communications Corporation, a wholly owned subsidiary of Defendant L-3 Communications Holdings, Inc., d/b/a L-3 Link Simulation & Training and/or L-3 Link Simulation & Training Air Traffic Control Academy, obtained FAA approval in or about December 2008 to open an air traffic control academy (the "Academy").

20. Defendants L-3 Communications Corporation and/or L-3 Communications Holdings, Inc. (collectively "L-3'), by and through its/their agent(s), apparent agent(s), employee(s) and/or vice principal(s), including but not limited to Robert E. "Scott" James, Dale Raatz and Jim Christy, began recruiting students immediately thereafter to attend the Academy.

21. The first Academy class began in or about January 2009.

22. One or more L-3 and/or Academy agent(s), apparent agent(s), employee(s) and/or vice principal(s), including but not limited to Robert E. "Scott" James, Dale Raatz and Jim Christy, enticed Plaintiffs to join the Academy by promising them jobs with the FAA upon graduation.

23. These promises were not mere offers of placement help.

24. Rather, one or more L-3 and/or Academy agent(s), apparent agent(s), employee(s) and/or vice principal(s), including but not limited to Robert E. "Scott" James, Dale Raatz and Jim Christy, guaranteed Plaintiffs that the first 100 graduates would be hired by the FAA.

25. This guarantee is corroborated by a February 9, 2009 article in which L-3 and/or Academy officials told the Fort Worth Star-Telegram an agreement had been made with the FAA to hire the first 100 Academy graduates.

26. One or more L-3 and/or Academy agent(s), apparent agent(s), employee(s) and/or vice principal(s), including but not limited to Robert E. "Scott" James, Dale Raatz and Jim Christy, also told Plaintiffs that a mobile unit would be present at the Academy on graduation day to hand out FAA job assignments.

27. Plaintiffs each relied on these promises and agreed to pay $41,000.00 in tuition to attend the Academy.

28. To date, not a single student has received a job offer as promised.

29. In fact, Plaintiffs have learned that the FAA never made the agreement represented by Defendants.

30. Furthermore, Plaintiffs have learned that their training received at the Academy is insufficient, by itself, to even qualify them to work in a FAA air traffic control tower.

31. As a result of the foregoing, Plaintiffs have each suffered significant damages and injuries as set forth herein.

**V.**

**PRINCIPAL – AGENT LIABILITY**

32. Plaintiffs repeat and reallege paragraphs 1 through 31 as if fully set forth herein and incorporate them by reference.

33. At all times alleged herein, Plaintiffs allege that Robert E. "Scott" James, Dale Raatz, Jim Christy and others were acting as the agent(s), apparent agent(s), employee(s) and/or vice-principal(s) of Defendants L-3 Communications Corporation and/or L-3 Communications Holdings, Inc., and Defendants L-3 Communications Corporation and/or L-3 Communications Holdings, Inc. ratified the acts of its/their agent(s), apparent agent(s), employee(s) and/or vice-principal(s), including but not limited to Robert E. "Scott" James, Dale Raatz Jim Christy.

34. Therefore, Defendants L-3 Communications Corporation and/or L-3 Communications Holdings, Inc. are vicariously liable for the actions of Robert E. "Scott" James, Dale Raatz, Jim Christy and others.

## VI.

## COUNT 1 – COMMON LAW FRAUD (SIMPLE FRAUD AND FRAUD IN THE INDUCEMENT)

35. Plaintiffs repeat and reallege paragraphs 1 through 34 as if fully set forth herein and incorporate them by reference.

36. Defendants made material and false representations to Plaintiffs, which when made were either known to be false or were made recklessly, as positive assertions, and without knowledge of their truth, and were made with the intent that Plaintiffs act on them and/or with a reason to expect that Plaintiffs would enter into agreements to attend the Academy based on the representations.

37. Specifically, L-3, by and through its/their agent(s), apparent agent(s), employee(s) and/or vice-principal(s), including but not limited to Robert E. "Scott" James, Dale Raatz and Jim Christy, made these representations to each Plaintiff just prior to each Plaintiff's respective start date at the Academy.

38. The specific representations included, but are not necessarily limited to: (1) the first 100 Academy graduates were guaranteed jobs with the FAA, (2) Defendants had reached an agreement with the FAA to hire the first 100 Academy graduates; (3) a mobile FAA unit would be present at each Academy graduation to hand out FAA job assignments; (4) graduation from the Academy, by itself, would be sufficient to qualify Plaintiffs for employment in a FAA air traffic control tower and (5) graduates would be employed by the FAA before they had to repay loaned tuition, if any.

39. Plaintiffs reasonably relied on the representations, which caused injury and damage to Plaintiffs.

**VII.**

**COUNT 2 – FRAUD BY NONDISCLOSURE**

40. Plaintiffs repeat and reallege paragraphs 1 through 39 as if fully set forth herein and incorporate them by reference.

41. Defendants concealed from and/or failed to disclose certain material facts to Plaintiffs, for which Defendants had a duty to Plaintiffs that required disclosure.

42. Defendants knew Plaintiffs were ignorant of the facts and did not have an equal opportunity to discover the facts.

43. Defendants were deliberately silent when they had a duty to speak, and by failing to disclose the facts, Defendants intended to induce Plaintiffs to take some action or refrain from acting.

44. Plaintiffs relied on Defendants' nondisclosure, and were injured and damaged as a result of acting without the knowledge of the undisclosed facts.

**VIII.**

**COUNT 3 – DTPA**

45. Plaintiffs repeat and reallege paragraphs 1 through 44 as if fully set forth herein and incorporate them by reference.

46. Plaintiffs were persons who sought and acquired, by purchase, services in the State of Texas. Defendants knowingly and/or intentionally engaged in deceptive acts and practices and committed unconscionable acts including, but not limited to:

a. Causing confusion or misunderstanding as to the source, sponsorship,

approval, or certification of services (TEX. BUS. & COMM. CODE § 17.46(b)(2));

b. Causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another (§ 17.46(b)(3));

c. Representing that services have sponsorship, approval, characteristics, uses or benefits which they do not have (§ 17.46(b)(5));

d. Representing that services are of a particular standard, quality, or grade if they are of another (§ 17.46(b)(7));

e. Advertising services with intent not to sell them as advertised (§ 17.46(b)(9));

f. Representing that an agreement confers or involves rights, remedies or obligations which it does not have or involve, or which are prohibited by law (§ 17.46(b)(12));

g. Misrepresenting the authority of a representative or agent to negotiate the final terms of a consumer transaction (§ 17.46(b)(14));

h. Representing that a guarantee or warranty confers or involves rights or remedies which it does not have or involve (§ 17.46(b)(20));

i. Failing to disclose information concerning services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed (§ 17.46(b)(24)) and

j. Engaging in an unconscionable action or course of action that, to Plaintiffs' detriment, took advantage of their lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

47. Defendants' deceptive acts and practices and unconscionable acts were a producing cause of damage to Plaintiffs.

**IX.**

**COUNT 4 – NEGLIGENCE**

48. Plaintiffs repeat and reallege paragraphs 1 through 47 as if fully set forth herein and incorporate them by reference.

49. Defendants owed a legal duty to Plaintiffs to exercise ordinary care.

50. Defendants breached this duty, proximately causing injury and damage to Plaintiffs.

**X.**

**COUNT 5 – NEGLIGENT MISREPRESENTATION**

51. Plaintiffs repeat and reallege paragraphs 1 through 50 as if fully set forth herein and incorporate them by reference.

52. Defendants made representations to Plaintiffs in the course of Defendants' business and/or in a transaction in which Defendants had an interest.

53. The representations were false and Defendants did not exercise reasonable care or competence in obtaining or communicating the information.

54. Plaintiffs relied on the representations, which proximately caused injury and damage to Plaintiffs.

**XI.**

**COUNT 6 –PROMISSORY ESTOPPEL**

55. Plaintiffs repeat and reallege paragraphs 1 through 54 as if fully set forth herein and incorporate them by reference.

56. Defendants made one or more promises to Plaintiffs, upon which Plaintiffs reasonably and substantially relied to their detriment.

57. Plaintiffs' reliance was foreseeable by Defendants, and injustice can be avoided only by enforcing Defendants' promise(s).

## XII.

## DAMAGES

58. Plaintiffs repeat and reallege paragraphs 1 through 57 as if fully set forth herein and incorporate them by reference.

59. As a result of Defendants' wrongful conduct, as set forth above, Plaintiffs are entitled to recover the following damages:

a. Economic damages in the past and future in a fair and reasonable amount in excess of the minimum jurisdictional limits of the court.

b. Mental anguish damages in the past and future in a fair and reasonable amount in excess of the minimum jurisdictional limits of the court.

c. Treble damages in a fair and reasonable amount in excess of the minimum jurisdictional limits of the court.

d. Punitive damages in a fair and reasonable amount in excess of the minimum jurisdictional limits of the court.

e. As a further result of Defendant's wrongful conduct, Plaintiffs have been forced to retain the services of legal counsel. Pursuant to TEX. BUS. & COMM. CODE, Texas statutory and/or common law, Plaintiffs seek recovery of their reasonable attorneys' fees in prosecuting this matter.

## XIII.

## PRAYER FOR RELIEF

FOR THESE REASONS, Plaintiffs pray that Defendants be cited to appear and answer herein and that Plaintiffs have and recover judgment against Defendants for the following:

A. Actual damages described above in a fair and reasonable total amount in excess of the minimum jurisdictional limits of this court or alternatively, as allowed by law;

B. Punitive damages described above in a fair and reasonable total amount in excess of the minimum jurisdictional limits of this court or alternatively, as allowed by law;

C. Attorney's fees as allowed by law;

D. Pre-judgment interest and post-judgment interest as allowed by law;

E. Costs of court; and

F. All other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

s/ Greg Jackson

GREG JACKSON
Texas Bar No. 00794018

THE LAW OFFICE OF GREG JACKSON, PLLC
115 W. 2nd Street, Suite 201
Fort Worth, Texas 76102
Phone: (817) 926-1003
Fax: (817) 886-3653
E-mail: gjackson@gregjacksonlaw.com

/s/ Jamshyd (Jim) M. Zadeh
JAMSHYD (JIM) M. ZADEH
Texas Bar No. 22239000

THE LAW OFFICE OF JIM ZADEH, P.C.
115 W. 2nd Street, Suite 201
Fort Worth, Texas 76102
Phone: (817) 335-5100
Fax: (817) 335-3974
E-mail: jim@zadehfirm.com

COUNSEL FOR PLAINTIFFS